AB:ADG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

CHAUNCEY LEE,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

AFFIDAVIT AND COMPLAINT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT

Case No. 19-MJ-722

(18 U.S.C. § 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

    MICHAEL A. McCARTHY, being duly sworn, deposes and states that he is a Detective with the New York City Police Department, duly appointed according to law and acting as such.

    On or about July 5, 2019, within the Eastern District of New York, the defendant CHAUNCEY LEE, knowing that he had been previously convicted in a court of one or more crimes punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting interstate or foreign commerce ammunition and firearms, to wit, (1) five Remington-Peters .40 caliber Smith and Wesson ammunition; (2) a .40 caliber Smith and Wesson semi-automatic pistol bearing serial number PBC3827 (3) a .380 caliber Ruger semi-automatic pistol bearing serial number 380034914; and (4) a .357 caliber Ruger revolver bearing serial number 3000125.

    (Title 18, United States Code, Section 922(g)(1))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Detective with the New York City Police Department ("NYPD") and have been involved in the investigation of numerous cases involving the recovery of firearms and ammunition. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation. Where I describe the statements of others, I am doing so only in sum and substance and in part.

2. On or about July 5, 2019, at approximately 2:06 a.m., an off duty NYPD officer ("Officer-1")[2] observed from his car the defendant CHAUNCEY LEE standing in the street firing a gun multiple times into the air in the vicinity of 89th Street and Avenue L in the Canarsie area of Brooklyn, New York. Officer-1 observed the defendant walk toward a group of individuals standing on the sidewalk.

3. Shortly thereafter, multiple uniformed NYPD officers, including Officer-2, arrived at the location of the shooting in response to a shot-spotter alert indicating that, at 2:06 a.m., there were five rounds of gun fire on the block that the defendant CHAUNCEY LEE was located. As the officers approached the group of individuals

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest, I have not set forth every fact learned during the course of this investigation.

[2] Because multiple law enforcement personnel were involved in the incident, I refer to the officers as Officer-1 and Officer-2 for ease of reference. The identities of each of these individuals are known to the affiant, and I have interviewed each of these individuals about the events set forth herein.

including the defendant, Officer-2 saw a book bag in the front yard of a house near where the defendant was standing (the "Residence"). Officer-2 later learned that the defendant's grandmother lived in the Residence. The gate to the yard was open and Officer-2 stepped into the yard and shined his flashlight over the open book bag. Officer-2 observed in plain view the handle of a gun inside the book bag, recovered the bag and confirmed that the handle belonged to a real gun.

4. Officer-2 observed multiple cartridge cases in the street next to the defendant CHAUNCEY LEE. Officer-1 gave a description of the shooter to the arriving officers, which description matched the defendant. Officer-1 then identified the defendant as the shooter. The police recovered five .40 Smith and Wesson caliber Remington-Peters cartridges from the street where Officer-1 stated that the defendant was standing.

5. Officer-2 found inside the book bag, among other items (1) a .40 caliber Smith and Wesson semi-automatic pistol bearing serial number PBC3827; (2) a loaded .380 caliber Ruger semi-automatic pistol bearing serial number 380034914; (3) a .357 caliber Ruger revolver bearing serial number 3000125; (4) a bottle of wine and a bottle of vodka; and (4) gloves. The Smith and Wesson pistol felt warm to the touch and smelled like it had recently been fired.

6. I have reviewed the defendant's criminal history, which revealed that on or about October 10, 2012, in Kings County Supreme Court, the defendant CHAUNCEY LEE was convicted of attempted assault in the first degree, in violation of New York Penal Law §§ 110 and 120.10(1), a class C felony, which I know to be a crime punishable by a term of one year or more, and was sentenced on or about November 9, 2012 to a term of seven years' imprisonment.

7.  I have conferred with a Nexus expert, a Special Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), who has informed me, in substance and in part, that the five .40 Smith and Wesson caliber Remington-Peters cartridges, .380 caliber Ruger semi-automatic pistol, .40 caliber Smith and Wesson semi-automatic pistol and .357 caliber Ruger revolver recovered in this case were manufactured outside the state of New York.

WHEREFORE, your deponent respectfully requests an arrest warrant for the defendant CHAUNCEY LEE so that he may be dealt with according to law.

_____
MICHAEL A. McCARTHY
Detective
New York City Police Department

Sworn to before me this
12th day of August, 2019

_____
THE HONORABLE RAMON E. REYES, JR.
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK